### FISCHEL *v.* MILLS.

Decided January 23, 1892.

*Pardon—Fine—Payment to sheriff.*

The constitutional power of the Governor to remit a fine by pardon continues after the fine has been paid to the sheriff if the amount has not been paid into the county treasury nor charged to the sheriff by the county court in auditing his account.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

Fischel filed a motion for a summary judgment against Anderson Mills as sheriff. The case was submitted on an agreed statement of facts, as follows:

" It is agreed by the parties hereto that T. G. Fischel was convicted in Pulaski county, State of Arkansas, of the offense of carrying concealed weapons; that he was fined therefor one hundred dollars and costs; that said T. G. Fischel paid A. Mills, sheriff of Pulaski county, the one hundred dollars fine and the costs of said prosecution; that soon thereafter the Governor of Arkansas pardoned the said T. G. Fischel for the said offense of carrying concealed weapons; that the said A. Mills, sheriff, when said pardon was granted by the Governor, had not paid said one hundred dollars fine into the county treasury of Pulaski county, but still had it in his hands, and that he has never yet paid it over to the county, but holds it awaiting the order of this court in regard thereto; and that said Fischel was released by said Mills from custody upon the payment of said fine, which was paid to the sheriff unconditionally."

Upon these facts the court found for defendant.

*James A. Gray* and *Chas. P. Roberts* for appellant.

The power of the Governor to pardon after conviction is settled. 15 Ark., 427. Until the fine is paid into the treasury, or vested rights intervene, a pardon restores the right of property to the grantee of the pardon. A motion or petition for a rule is the proper procedure, as the sheriff is an officer of the court. See 1 Kelly (Ga.), 606; 9 Watts. (Penn.), 142; 91 U. S., 474; McCahon (Kan.), p. 229; Op. Atty. Gen., vol. 14, p. 599; *ib.*, vol. 8, p. 281.

*Charles P. Harnwell* for appellee.

The money was paid to the sheriff, the duly authorized *agent* of the county, and therefore it was a *payment* to the county. The power to *remit* a fine cannot be extended so as to embrace the power to *restore* it. 3 Dutch. (N. J.), 637; 2 *id.*, 326. See also, 7 J. J. Marsh. (Ky.), 646, where the fine had been paid to an informer. The county clerk is required to *charge* the sheriff with all fines. See Mansf. Dig., 5871. The sheriff certainly had a vested right in the fine, so far as his commissions extended. *Ib.*, sec. 5863. As

the fine has been *paid*, the sheriff *charged* with it, and no provision made whereby he can get credit for it, if *restored* (sec. 5871, etc.), the cases cited should not be followed in this State. See, by way of analogy, 53 Ark., 236.

COCKRILL, C. J. The power of the Governor to remit a fine by pardon after conviction is fixed by the constitution. Art. 6, sec. 18. The fact that the statute directs that the fine shall go to the county or into the county treasury for the use of the school fund does not interfere with the power of the executive to remit it. *Baldwin* v. *Scoggin*, 15 Ark., 427. The only question in this case not previously determined by this court is, whether the fund has passed beyond recall, while it is in the hands of the sheriff by virtue of payment made in pursuance of the judgment of conviction before pardon.

The judgment establishes the county's right to the fine if it remains in force until the county can enjoy its fruits, but it may be deprived of the fruits by executive clemency. That is a condition upon which the judgment is rendered. In collecting the amount due on the judgment, the sheriff acts as the arm of the court in which the conviction was had, and not as the fiscal agent of the county. Until he has paid the amount into the county treasury, or at least until the county court has charged him with it in auditing his accounts, and has thereby appropriated it to the use of the county by its judgment, the county's right to the fund is no more vested than it was upon the rendition of the judgment. But the rule established by the authorities is that until a vested right intervenes, the power of the Governor to remit the fine remains. *Baldwin* v. *Scoggin*, 15 Ark., *supra*; *Ill. Central R. Co.* v. *Bosworth*, 133 U. S., 92. Say the Supreme Court of the U. S., in *Knote* v. *U. S.*, 95 U. S., 149: " The property "—that is, property condemned by the court in a confiscation proceeding—"and the proceeds are not considered as so absolutely vesting in third parties or in the United States as to be unaffected by the pardon until

they have passed out of the jurisdiction of the officer or tribunal. The proceeds have thus passed when paid over to the individual entitled to them, in the one case, or are covered into the treasury, in the other." That is a succinct statement of the law governing this class of cases. It is applicable to the case in hand and is decisive of it in appellant's favor.

A case in point is *Commonwealth* v. *Denniston,* 9 Watts (Pa.), 142, as is also the opinion of Attorney General Cushing, which is stated and cited with approval by the court in *Knote* v. *U. S.,* 95 U. S., *sup.* See too *Commonwealth* v. *Shick,* 61 Pa. St., 495; *Cope* v. *Com.,* 28 *id.,* 297; *Brown* v. *U. S.,* McCahon (Kas.), 229; In re *Flournoy,* 1 Kelly (Ga.), 606; *Ill. Central R. Co.* v. *Bosworth,* 133 U. S., *sup.*

Reverse the judgment and enter judgment here for the appellant in accordance with the agreed statement of facts and the prayer of the complaint.