## HENDRIX v. REED.

### Opinion delivered February 10, 1919.

FINES—RIGHT OF CONTRACTOR—RECOVERY ON CHECK.—Where a county contractor, pursuant to agreement, accepted defendant's check for half the amount of the prisoner's fine, and the prisoner was released, the contractor could not recover from defendant on such check, payment of which was stopped after the Governor remitted the fine.

Appeal from Lonoke Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Jas. B. Gray*, for appellant.

The check was given for a valuable consideration and appellee had no right to turn down the check for an act brought about by himself within two days afterwards, whereby the prisoner was pardoned and then violate their agreement and stop payment of the check. 103 Ark. 602 has no application here whatever. The chancellor erred in dismissing the complaint and the decree should be reversed and judgment entered here for the $25 and costs.

*J. B. Reed*, for appellee.

The decree should be affirmed because the pardon was within two days after conviction and before any record was made charging appellant with any part of the fine in the county court and before appellant had actually received St. Clair and appellant receiving notice of the pardon and availing himself of the privilege of not

paying into the county court any part of the fine and because it is contrary to public policy to allow county contractors to speculate and make money out of human flesh. 103 Ark. 602 does by *innuendo* reverse appellant's contention in this case. The Governor had power to pardon even after the fine was paid. 55 Ark. 344.

McCULLOCH, C. J. This is an action instituted by appellant against appellee to recover the amount of a check drawn by appellee on a certain bank, payment of which was stopped before appellant could present the check for payment. The case was transferred to the chancery court by consent of parties, and without objection proceeded in that court to a final decree.

The facts are undisputed and were brought into the record by an agreed statement. Appellant had a contract with Lonoke County for the hire of all the county prisoners, and under the terms of the contract he was to pay all of the costs of the conviction and ten per centum of the fines imposed. The contract is not set forth in the record, but that much of its substance is set forth in the agreed statement of facts. A man named Hancock was convicted of a misdeameanor before a justice of the peace of Lonoke Conuty, and a fine of $50 was imposed. Hancock was taken into the custody of the sheriff for the purpose of collecting the fine or making delivery to the county contractor, and while he was still in the custody of the sheriff a verbal agreement over the telephone was entered into with the contractor for his benefit to the effect that he should be released upon the payment to the contractor of the sum of $25. Appellee drew the check in payment of the sum of $25, and the check was delivered to appellant and Hancock was released. This occurred on May 24, 1916, and two days later the Governor of the State remitted the fine. This was before the check was presented for payment. Hancock also paid to the officers the costs of conviction.

The controlling principle was announced by this court in *Fischel* v. *Mills*, 55 Ark. 344, where it was held that the power of the Governor to remit a fine continues

after the fine has been paid to the sheriff or other officer who has custody of the prisoner, if the amount has not been paid into the county treasury or otherwise appropriated to the county's use. In that case the court said: "In collecting the amount due on the judgment, the sheriff acts as the arm of the court in which the conviction was had, and not as the fiscal agent of the county. Until he has paid the amount in the county treasury, or at least until the county has charged him with it in auditing his accounts, and has thereby appropriated it to the use of the county by its judgment, the county's right to the fund is no more vested than it was upon the rendition of the judgment. But the rule established by the authorities is that until a vested right intervenes, the power of the Governor to remit the fine remains."

In the present case the fine was not paid at all. A check was given to the contractor for the amount of one-half of the fine on agreement that the contractor would accept that and release the prisoner, who had not then been delivered to the contractor. Appellant had no authority to receive payment of the fine or to enter into an agreement for a compromise concerning the amount of the fine. His sole authority under the statute was to receive the prisoner and subject him to labor for a time sufficient to discharge the fine and costs at the rate of seventy-five cents per day. Kirby's Digest, section 1091. The statute expressly forbids the contractor to permit prisoners to go at large, and makes it a misdemeanor for the contractor to do so. The contractor is not authorized under the statute to traffic in the reduction of fines of prisoners delivered to him under contract with the the county. When fines are paid by prisoners the money should go into the county treasury, and until it finds its way, there, or is in some way appropriated to the use of the county, it is subject to remission by executive clemency.

Our conclusion, therefore, is that the correct conclusion was reached in the decree of the chancellor, and the decree is affirmed.